UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS A. CLARK,

              Plaintiff,

    v.

ELDON VAIL, *et al.*,

             Defendants.

Case No. C08-5507 BHS/KLS

ORDER TO SHOW CAUSE

    This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure 72. The case is before the Court upon review of Plaintiff's complaint. After reviewing the Complaint and balance of the record, the Court finds and orders as follows:

    A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*Citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

    To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

    Plaintiff must also allege facts showing how individually named defendants caused or personally

ORDER
Page - 1

participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

In his Complaint, Plaintiff purports to sue the wives of the named defendants, "Jane Doe Vail", "Jane Doe Miner," "Jane Doe Hopkins," and "Jane Doe Kenny". (Dkt. # 1).

Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable § 1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *See also, Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

In addition, to succeed on a claim of deliberate indifference to a serious medical need violative of the Eighth Amendment's proscription against cruel and unusual punishment, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

However, Plaintiff's proposed complaint contains no factual allegations describing how any of the wives of the named defendants caused or personally participated in causing Plaintiff any of the harms he alleges that he suffered.

Due to the deficiencies described above, the court will not serve the complaint. Plaintiff shall file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed as to the "Jane Doe" Defendants **on or before October 3, 2008**. The

1 amended complaint must carry the same cause number case number as this one.  If an amended complaint
2 is not timely filed or if Plaintiff ails to adequately address the issues raised herein, the Court will
3 recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count
4 as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is further advised that an amended pleading operates as a *complete* substitute for an original pleading.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992).  Thus, if Plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

Dated this 3rd day of September, 2008.

Karen L. Strombom
United States Magistrate Judge